# 22-2792

IN THE UNITED STATES COURT OF
APPEALS FOR THE SECOND CIRCUIT

STEVEN COOPER,
*Plaintiff-Appellant*,

v.

CITY OF NEW YORK, DANIEL O'CONNOR, POLICE LIEUTENANT THOMAS JACOBS, POLICE OFFICER JESSICA SCHRELL, Shield No. 26482, POLICE DPT SERGEANT BRENDAN RYAN, NY POLICE OFFICERS JOHN DOES 1-10, the identity of whom is presently unknown, in their individual and official capacities as New York City Police Officers, POLICE SERGEANT ADAM KATRINCIC, CAPTAIN DESMOND MORALES, POLICE OFFICER NICHOLAS HORUN, LT. TAX # 90962 STEVEN MONA, POLICE SERGEANT PEARL BARNHART,
*Defendants-Appellees.*

―――――――――――

*On Appeal from the United States District
Court for the Eastern District of New York*

―――――――――――

## BRIEF OF DEFENDANT/APPELLEE O'CONNOR

Aaron M. Goldsmith, Esq.
LAW OFFICE OF
AARON M. GOLDSMITH, PC
225 Broadway, Suite 715
New York, NY 10007
(914) 588-2679
*aarongoldsmithlaw@gmail.com*
*Attorney for Defendant/Appellee
DANIEL O'CONNOR*

1

# **TABLE OF CONTENTS**

Table of Authorities……………………………………………..3

Jurisdictional Statement……………………………………….…4

Statement of Issue(s)……………………………………….……5

Standard of Review……………………………………………...6

Procedural History……………………………………………….7

Statement of Facts……………………………………………….8

Argument………………………………………………………...9

    A. The Federal Claims……………………………………….9
    B. The New York State Claims………………………………11

Conclusion………………………………………………………13

# **TABLE OF AUTHORITIES**

Statutes
42 USC §1983……………………………………………………………..7, 8, 9
28 USC § 1367(c)…………………………………………………... ……..11

Cases
*Betts v Shearman*, 751 F3d 78, 82 (2d Cir.2006)……………………………..10
*Brzak v United Nations*, 597 F3d 107, 113-14 (2d Cir.2010)…………………12
*Catzin v Thank You & Good Luck Corp*., 899 F3d 77, 81 (2d Cir.2018)……..12
*Chenensky v NY Life Insurance Co.,* 942 FSupp 2d 388, 393 (SDNY, 2013).. 12
*Devenpeck v Alford*, 543 US 146, 153 (2004)………………………………...10
*Jenkins v City of New York*, 478 F3d 76, 84-85 (2d Cir.2007)………………..10
*Klein & Co. Futures, Inc. v Board of Trade*, 464 F3d 255, 262 (2d Cir.2006).12
*Mitchell v City of New York,* 841 F3d 72, 77 (2d Cir.2016)…………………. 10
*Pension Benefit…v Morgan Stanley Investment Mgmt., Inc*.,
712 F3d 705, 727 (2d Cir.2013)……………………………………………… 12
*Stansbury v Wertman*, 721 F3d 84, 90 (2d Cir.2013)…………………………10
*Triolo v Nassau County*, 24 F4th 98. 106 (2d Cir.2022)………………………10
*United States v Konstantakakos*, 121 Fed.Appx 902, 904 (2d Cir.2005)……. 6
*United States v. Olano,* 507 U.S. 725 (1993)………………………………… 6
*United States v. Thomas,* 274 F.3d 655, 667 (2d Cir.2001)…………………..6
*United States v. Rybicki,* 354 F.3d 124, 128-29 (2d Cir.2003)……………….6
*United States v. Venturella,* 391 F.3d 120, 133 (2d Cir.2004)………………..6

## **JURISDICTIONAL STATEMENT**

Plaintiff/Appellant is appealing from the Decision/Order dated September 26, 2022 (Dkt. 179) held in the matter *Cooper v City of New York, et al*, under docket 17 CV 1517 (RPK)(RLM) before Hon. Rachel P. Kovner, USDJ, in and for the Eastern District of New York. The Decision/Order at issue granted Defendants/Appellees' motion for Summary Judgment. As a result, a Final Order/Judgment of the Court was entered on that date, dismissing the claims of Plaintiff. The Eastern District of New York lies within the jurisdictional bounds of the United States Court of Appeals, Second Circuit.

## STATEMENT OF ISSUE(s)

1. Did the Trial Court Err in granting Defendants/Appellees' Motion for Summary Judgment.

The question must be answered in the negative, and the Decision/Order of September 26, 2022 be affirmed by this Court.

## STANDARD OF REVIEW

Plaintiff/Appellant's arguments are reviewed for plain error. See *United States v Konstantakakos*, 121 Fed.Appx 902, 904 (2d Cir.2005); <u>citing</u> *United States v. Olano,* 507 U.S. 725, 732-34, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993); *United States v. Venturella,* 391 F.3d 120, 133 (2d Cir.2004); *United States v. Rybicki,* 354 F.3d 124, 128-29 (2d Cir.2003) (en banc); *United States v. Thomas,* 274 F.3d 655, 667 (2d Cir.2001) (en banc).

By that standard, the Court can correct an error not raised in the district court if appellant demonstrates (1) error, (2) that is plain, (3) that affects substantial rights. *United States v. Olano,* 507 U.S. at 73, 113 S.Ct. 17702. *Konstantakakos*, 121 Fed.Appx at 904

.

## PROCEDURAL HISTORY

Plaintiff/Appellant brought the underlying action sounding in several claims ranging from First Amendment violations to Civil RICO to simple assault. The Court dismissed the initial complaint after finding it failed to properly state a claim for relief that could be granted. (Dkt. 61) Plaintiff/Appellant moved to amend the complaint, with opposition from Defendants/Appellees. (Dkts. 68, 72 and 73) Then Judge Garaufis granted leave to amend in part, finding that Plaintiff/Appellant's claims for Plaintiff/Appellant's claims under 42 USC §1983 for false arrest, false imprisonment and "conspiracy to deprive [him] of his constitutional rights…[were] the only federal claims that would survive a motion to dismiss." (Dkt. 84 at 25, 42) Judge Garaufis went on to qualify his ruling as surviving the long-held "plausibility" standard without finding any further merit.

Plaintiff/Appellant further amended the Complaint. The Second Amended Complaint was litigated fully before the lower court. It consisted of several claims, including: (i) false imprisonment, (ii) false arrest and (iii) a conspiracy claim against several officers, pursuant to 42 USC §1983; as well as (iv) assault, (v) battery against Defendant/Appellee O'CONNOR, (vi) assault and (vii) battery against LT. JACOBS, (viii) defamation against SGT. RYAN and (ix) false arrest against the CITY OF NEW YORK, OFC. SCHRELL and John Does pursuant to New York State Law. (Dkt. 85)

7

## STATEMENT OF FACTS

Plaintiff/Appellant had an encounter with several individuals at the terminus of the Williamsburg Bridge on the Brooklyn side. Plaintiff/Appellant was a pedestrian who engaged in a verbal altercation with the driver and passengers of a vehicle that had just passed by him. The driver and passengers were the individual named defendants. Defendant/Appellee O'CONNOR was a DJ and member of popular hip-hop group "House of Pain." The driver and remaining passengers were all off-duty members of the New York Police Department.

Following a brief and volatile verbal interaction commenced by Plaintiff/Appellant, at least one passenger exited the vehicle. While in dispute, the majority of evidence and deposition testimony indicates that Plaintiff/Appellant physically assaulted the individual Defendant who exited the vehicle. Following that physical interaction, Defendant O'CONNOR and others exited the vehicle to chase after Plaintiff/Appellant.

Contemporaneously, both Plaintiff/Appellant and certain Defendant/Appellees called 9-1-1 for police assistance. Defendant O'CONNOR and another individual defendant ran through the adjacent streets to look for Plaintiff/Appellant as the police response was awaited.

Plaintiff/Appellant claimed that Defendants O'CONNOR and JACOBS physically assaulted him prior to police arriving on scene. There is no surveillance

evidence, nor witness testimony to that effect other than Plaintiff's deposition. Shortly after police arriving at the scene, both Plaintiff/Appellant and Defendant/Appellee O'CONNOR were arrested on "cross-complaints" for assault. LT. JACOBS was not arrested but was later the subject of an IAB investigation surrounding the incident.

Throughout the discovery process, Plaintiff/Appellant was substantially unable to provide objective evidence of causation nor damages associated with his claims contained in the Second Amended Complaint.

Upon motion of the Defendants/Appellees, the Court granted summary judgment and dismissed all of Plaintiff/Appellant's claims in the Second Amended Complaint (Dkt. 179), finding even in the light most favorable to Plaintiff/Appellant, probable cause existed at the time of Plaintiff/Appellant's arrest and therefore claims under 42 USC §1983 must be dismissed; and further dismissed all remaining state law claims, without prejudice to file in New York State Court.

## ARGUMENT

## THE TRIAL COURT DID NOT ERR IN GRANTING SUMMARY JUDGMENT AND DISMISSING ALL CLAIMS

A. The Federal Claims

The Trial Court noted in its Decision/Order, that probable cause exists when police officers have actual knowledge or in possession of reasonably trustworthy information to give a reasonable assertion that an individual being arrested has

committed a crime. Further, the Trial Court cited to the established case-law holding that probable cause is a "complete defense" to wrongful arrest, unlawful imprisonment and similar claims under §1983. The Court cited to *Mitchell v City of New York,* 841 F3d 72, 77 (2d Cir.2016); *Jenkins v City of New York*, 478 F3d 76, 84-85 (2d Cir.2007); *Triolo v Nassau County*, 24 F4th 98. 106 (2d Cir.2022); *Betts v Shearman*, 751 F3d 78, 82 (2d Cir.2006) and *Devenpeck v Alford*, 543 US 146, 153 (2004).

The Trial Court also pointed out that the facts and circumstances fully established probably cause for Plaintiff/Appellant's arrest, based upon Defendant/Appellee LT. JACOBS' assertions a putative victim that Plaintiff/Appellant had assaulted him. Further, that no evidence existed at the time for the arresting officers to doubt LT. JACOBS' honesty in reporting the crime. See *Stansbury v Wertman*, 721 F3d 84, 90 (2d Cir.2013).

The Court found that no objective evidence existed to support Plaintiff/Appellant's claims undermining arresting officers' knowledge and reasonable suspicion of Plaintiff/Appellant at the time of the arrest.

The Court further found no objective evidence to support any of the remaining claims of conspiracy and First Amendment retaliation against the Defendants/Appellees in arresting Plaintiff/Appellant.

Accordingly, the Trial Court did not err in granting Summary Judgment to Defendants, dismissing all Federal claims in the underlying action.

As a result, this Court must affirm the lower Court's Decision/Order dated September 26, 2022.

B. <u>The New York State Claims</u>

With the Federal Claims being dismissed, the Trial Court appropriately declined to maintain jurisdiction over the remaining claims based solely in New York State law.

Pursuant to both statute (28 USC §1367) and case-law, the Trial Court found that it would not be inconvenient, unfair or uneconomical for the parties to try the New York State law claims in a competent New York Supreme Court. More specifically, given the case was not on the eve of trial, nor would Plaintiff suffer any irreparable harm from the dismissal with leave to file in the appropriate court, Plaintiff/Appellant provided no compelling reason for the Eastern District to retain jurisdiction of claims clearly outside of its jurisdiction. <u>See</u> *Brzak v United Nations*, 597 F3d 107, 113-14 (2d Cir.2010); *Catzin v Thank You & Good Luck Corp.*, 899 F3d 77, 81 (2d Cir.2018); *Chenensky v NY Life Insurance Co.,* 942 FSupp 2d 388, 393 (SDNY, 2013); *Klein & Co. Futures, Inc. v Board of Trade*, 464 F3d 255, 262 (2d Cir.2006); *Pension Benefit…v Morgan Stanley Investment Mgmt., Inc.*, 712 F3d 705, 727 (2d Cir.2013).

11

The Court ruled within well-founded law to dismiss the New York State claims in the wake of dismissing all Federal Claims. The Eastern District had no appropriate place presiding over the remaining state law claims in the absence of any Federal jurisdictional questions.

Moreover, it should be noted that since the Decision/Order, Plaintiff/Appellant has not filed, nor noticed Defendants/Appellees of any intention to file a claim in a New York State court.

Accordingly, the Trial Court did not err in granting Summary Judgment to Defendants, dismissing all New York State claims without prejudice to renew in a state court, in the wake of dismissing all Federal claims.

As a result, this Court must affirm the lower Court's Decision/Order dated September 26, 2022.

-intentionally blank-

# CONCLUSION

As a result of the foregoing points in law and fact, this Court must issue an Order affirming the Trial Court's Decision/Order, dated September 26, 2022, (Dkt. 179) granting Defendants/Appellees' motion for Summary Judgment. Accordingly, the Decision/Order must be affirmed; with such other and further relief as this Court deems just and proper.

Dated:      May 17, 2023
              New York, NY

                                             _____
                                             AARON M. GOLDSMITH, ESQ.
                                             Attorney for Defendant/Appellee
                                             DANIEL O'CONNOR
                                             225 Broadway, Suite 715
                                             New York, NY 10007
                                             (914) 588-2679
                                             *aarongoldsmithlaw@gmail.com*

TO:

ROB RICKNER, ESQ.
Attorney for Plaintiff
233 Broadway, Suite 2220
New York, NY 10279
(212) 300-6506
*rob@ricknerpllc.com*

NYC LAW DEPARTMENT            KARASYK & MOSCHELLA, LLP
Attorneys for Defendants                Attorneys for Defendant Jacobs
Attn.: Chris DeLuca, Esq.               Attn.: James M. Moschella, Esq.
100 Church Street                          233 Broadway, Suite 2340
New York, NY 10007                     New York, NY 10279
*Cdeluca@law.nyc.gov*                   *jmoschella@kmattorneys.com*

## **CERTIFICATE OF COMPLIANCE**

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 2040 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Word in 14-point Times New Roman.

_____     May 17, 2023_____
Aaron M. Goldsmith, Esq.           Date
*Attorney for Defendant/Appellee O'CONNOR*

## CERTIFICATE OF SERVICE

I certify that on this the 17th day of May, 2023, pursuant to 2nd Circuit Rules and FRAP 25, I caused the foregoing BRIEF IN OPPOSITION to be served electronically on the following through the ECF System:

ROB RICKNER, ESQ.
Attorney for Plaintiff
233 Broadway, Suite 2220
New York, NY 10279
(212) 300-6506
*rob@ricknerpllc.com*

NYC LAW DEPARTMENT
Attorneys for Defendants
Attn.: Chris DeLuca, Esq.
100 Church Street
New York, NY 10007
*Cdeluca@law.nyc.gov*

KARASYK & MOSCHELLA, LLP
Attorneys for Defendant Jacobs
Attn.: James M. Moschella, Esq.
233 Broadway, Suite 2340
New York, NY 10279
*jmoschella@kmattorneys.com*

_____    May 17, 2023_____

  Aaron M. Goldsmith, Esq.                Date
*Attorney for Defendant/Appellee O'CONNOR*